# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeals of --      )
     )
Mansoor International Development      )      ASBCA Nos. 59466, 59467, 59468
  Services      )              59469, 59470
     )
Under Contract No. W91B4N-11-D-7011      )

APPEARANCE FOR THE APPELLANT:      Mr. M. Yousuf Mansoor
                                Chief Executive

APPEARANCES FOR THE GOVERNMENT:      Raymond M. Saunders, Esq.
                                Army Chief Trial Attorney
                                MAJ Raymond R. Adams, JA
                                Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE MELNICK ON THE GOVERNMENT'S MOTION TO DISMISS

This is another decision in what is now a group of appeals involving the Afghanistan trucking services contract referenced above between the Bagram Regional Contracting Center and Mansoor International Development Services (MIDS).

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

As explained in more detail in a previous Board decision, denying a government motion to dismiss for lack of jurisdiction, the government first issued a notice of termination for cause for the contract and associated task orders on 31 March 2012. *Mansoor Int'l Dev. Servs.,* ASBCA No. 58423, 14-1 BCA ¶ 35,742 at 174,924. That notice did not include an explanation of MIDS' appeal or judicial review rights, and at that time MIDS lacked knowledge of the time limits for appealing to this Board. However, Modification No. P00010, issued on 1 September 2012, reiterated that MIDS' right to proceed further under the contract was terminated and provided the notification of MIDS' appeal rights described in FAR 33.211(a)(4)(v). 14-1 BCA ¶ 35,742 at 174,924-27.

Ms. Maritza Alvarez of MIDS acknowledged receipt of the 1 September 2012 modification in a 4 September email, stating:

> [T]o receive this information on a modification that was effective on 31 March 2012 and signed on 1 September 2012 causes us concern. Our particular concern is that this

clearly falls outside the time period for appeals as set
for[th] in the modifications, unless the 90 day periods
begins on 1 September, the date you signed the
modifications.

(Gov't br., ex. 5) The contracting officer responded that "the 90 day period begins on
1 September 2012, the date I signed the modification" (*id.*).

MIDS appealed its default termination to this Board through a notice of appeal
filed by counsel, Ms. Cynthia Malyszek, on 30 November 2012. In the filing, MIDS
contended that the "[a]ppeal is timely filed based on the modification dated
September 1, 2012, of the termination for default final decision which gives 90 days
from the date of the modification in which to appeal the termination for default."
Given the presence of both the 31 March and 1 September 2012 notices of termination,
the Board sought briefing about the appeal's timeliness. Eventually, the Board ruled
that, regardless of whether the 31 March 2012 notice might be a valid final decision,
because that notice lacked the required language about MIDS' appeal rights, and
prejudiced MIDS' ability to pursue a timely appeal, the 90-day period for appealing
here was suspended until the contracting officer informed MIDS about its rights in the
1 September 2012 decision. *Mansoor Int'l Dev. Servs.*, 14-1 BCA ¶ 35,742 at
174,925-27.

On 22 October 2012, MIDS submitted claims to the contracting officer, who
acknowledged them and told it to expect contracting officer decisions (R4, tab 325).
By email dated 11 February 2013, the contracting officer provided MIDS with two
memoranda, dated 9 and 10 February, purporting to render final decisions regarding
a total of 187 Transportation Movement Requests (TMRs) the memoranda stated
were in dispute after a prior denial of payment. The memoranda approved payment
of some of the TMRs and denied others. Neither document contained any
explanation of MIDS' appeal or judicial review rights. (R4, tab 324) MIDS
included the government's email in the string of an 18 February 2013 email from it
to the government, showing it received the government's memoranda by that date
(gov't br., ex. 8).

By email dated 28 March 2013, the government provided MIDS with a
memorandum, identified as DIS0077, dated 21 March 2013, purporting to render a
final decision regarding 134 TMRs it stated were in dispute after a prior denial of
payment. The memorandum approved payment of some of the TMRs and denied
others. The document did not contain any explanation of MIDS' appeal or judicial
review rights. (Gov't br., ex. 11) An email from MIDS dated 16 April 2013 attached
a response to DIS0077, showing MIDS had received the memorandum by that date
(gov't br., ex. 12).

2

By email dated 8 April 2013, containing "(U) MIDS demurrage claim" in the Subject heading, the government provided MIDS with a memorandum dated 6 April 2013, purporting to render a final decision regarding 214 TMRs it stated were in dispute after a prior denial of payment. The memorandum approved payment of some of the TMRs and denied others. The document notified MIDS that it could appeal the decision "to the agency board of contract appeals." If it chose to appeal then "within 90 days from the date [it] receive[d] [the] decision [it needed to] mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken." There was no explanation of MIDS' rights to seek review in the United States Court of Federal Claims. (Gov't br., ex. 13) MIDS read the email by 3 May 2013 (gov't br., ex. 14).

By email dated 9 April 2013, the government provided MIDS with a memorandum of that same date, identified as DIS0076a, purporting to render a final decision regarding four claims totaling 9,956,489.11 AFN. The memorandum stated that "[t]he total sum amount to settle the claims...is 333,068.90 AFN." It provided the same notification of appeal rights as the 8 April memorandum. (Gov't br., ex. 15) MIDS responded to that decision in an email and memorandum dated 16 April (gov't br., ex. 16).

On 6 March 2014, Ms. Malyszek withdrew as counsel for MIDS in ASBCA No. 58423.

MIDS separately noticed an appeal to this Board from each of the five decisions on 7 August 2014, and they were assigned ASBCA Nos. 59466 through 59470.* They sought approximately $1,061,183 in Afghan currency. The government has moved to dismiss these appeals for lack of jurisdiction.

## DECISION

To be timely, the appeals must have been filed "within 90 days from the date of receipt of a contracting officer's decision." 41 U.S.C. § 7104(a). MIDS filed all of these appeals more than a year after receiving the decisions. MIDS contends that its time for appeal was suspended because the decisions do not provide proper notifications of its appeal rights pursuant to FAR 33.211(a)(4)(v). It suggests that omission prejudiced it by "creat[ing] a very difficult environment" (app. resp. at 6), and "had the government had the correct notice in the final decisions...an appeal would have been filed sooner" (app. resp. at 7). It also claims prejudice from government delays negotiating with it and acting upon its claims.

---

* The appeals were among 12 that MIDS filed that day involving this contract.

3

Three of the decisions at issue here lacked any mention of appeal rights, while the other two provided defective notifications. "[I]f [MIDS] can demonstrate that it was actually prejudiced by the missing or erroneous information, the 90-day appeal period to this Board does not begin to run." *Medina Contracting Co.,* ASBCA No. 53783, 02-2 BCA ¶ 31,979 at 158,020-021 (citing *Decker & Co. v. West,* 76 F.3d 1573, 1579-80 (Fed. Cir. 1996)). However, the absence of notifications of appeal rights in the contracting officer's decisions is harmless error if MIDS had actual knowledge of its rights when it received the decisions. *See State of Fla. Dept. of Ins. v. United States,* 81 F.3d 1093, 1098 (Fed. Cir. 1996); *Am. Renovation & Construction Co.,* ASBCA No. 54039, 03-2 BCA ¶ 32,296 at 159,804.

Here, MIDS fails to carry its burden to prove that the absent and defective notifications of appeal rights caused it any prejudice, and the facts indicate it knew its rights. Modification No. P00010, issued on 1 September 2012, reiterating that MIDS' right to proceed under the contract was terminated, clearly provided MIDS notice of its appeal rights. Additionally, on 4 September Ms. Alvarez recognized that MIDS had 90 days to appeal its default termination. MIDS' notice of appeal from the default termination, dated 29 November 2012, also maintained that "the...termination for default final decision...gives 90 days from the date of the modification in which to appeal the termination for default." Ms. Malyszek, who filed that notice of appeal, remained MIDS' counsel until 6 March 2014, long after MIDS received the decisions at issue here. Thus, by the time these decisions were issued, MIDS had received notice of its appeal rights under this contract, demonstrated an understanding of the 90-day limitation for appealing here, and had access to counsel to advise it upon the subject. Not surprisingly then, MIDS does not suggest, much less show, that at the time these decisions were issued it lacked knowledge of its appeal rights or was otherwise prejudiced by the lack of notice in these decisions. Accordingly, the absent or defective notices of appeal rights in the final decisions were harmless error.

MIDS' remaining arguments focus upon the prejudice it allegedly suffered due to the government's delays issuing the decisions. But, these complaints do not explain why MIDS delayed appealing from the decisions or demonstrate prejudice arising from the absent or defective notices of appeal rights.

4

## CONCLUSION

Because these appeals were all filed more than a year after MIDS received the contracting officer final decisions, and MIDS has failed to show prejudice arising from the decisions' defective notices of appeal rights, the appeals are dismissed for lack of jurisdiction.

Dated: 19 May 2016

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 59466, 59467, 59468, 59469, 59470, Appeals of Mansoor International Development Services, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals